BELL v. LITT.

(Supreme Court, Appellate Division, First Department. December 11, 1896.)

DAMAGES—ORDER FOR PERSONAL EXAMINATION—CONSTRUCTION.

An order for an oral examination before a referee at his office, which further directs that plaintiff shall, "at the same time and place," submit herself to a physical examination as to her injuries, and that the physician's testimony as to the same be reduced to writing, does not mean that the examination is to take place in the presence of the referee and attorneys, but that the physician is to make a private examination, and then testify before the referee as to the condition of the plaintiff.

Appeal from special term, New York county.

Action by Emma Bell against Jacob Litt for personal injuries. From an order denying plaintiff's motion to vacate an order for physical examination, plaintiff appeals. Affirmed.

This is an action for personal injuries sustained by plaintiff while in the employ-ment of defendant. The complaint, after setting forth the formal parts and the nature of the accident, states that plaintiff "is still suffering, and will for some time continue to suffer, from the effects of such injuries, * * * and plaintiff is still, and she is informed and verily believes will for some time necessarily continue to be, under medical treatment by reason of such injuries, * * * and still is, and as she is informed and° verily believes will continue permanently or for some time to come to be, unable to attend to her said business or profession in as efficient a manner as before the aforesaid accident occurred, * * * and will permanently or for some time to come be prevented from earning as much money as she otherwise would earn." Defendant denied the allegations of the complaint. For the purpose of obtaining an order directing a physical and oral examination of plaintiff before trial, defendant filed his affidavit, alleging, among other things, that: "I am ignorant of the nature and extent of the injuries complained of by the plaintiff herein, and, so far as I know, no other person other than the plaintiff has any knowledge of the circumstances, nature, and extent of said injuries. The testimony of the plaintiff is material and necessary to me in the defense of this action. Without such testimony it is impossible for me to be informed of the nature, extent, character, and circumstances of the alleged injuries." On the strength of the affidavit the following order was made and entered:

"Supreme Court, New York County.
"Emma Bell, Plaintiff, against Jacob Litt, Defendant.

"On reading the affidavit of Jacob Litt, verified the 29th day of September, 1896, and upon all the pleadings and proceedings herein, now, on motion of Burr & Delacy, attorneys for the defendant, it is ordered that Emma Bell, the plaintiff herein, attend before Thomas L. Feitner, Esq., counselor at law, who is hereby appointed referee herein, at his office, No. 56 Wall street, in the city of New York,

on the 27th day of October, 1896, at two o'clock in the afternoon thereof, and at such other times and places as the said referee may appoint, and that she submit to an examination concerning the matters relevant to the allegations of the complaint; and it is further ordered that at the same time and place the said plaintiff submit herself for a physical examination as to the nature, character, and extent of her injuries, as set forth in her said complaint, to Dr. Mary Putnam Jacobi, a physician of No. 156 W. 34th street, in the city of New York, who is hereby appointed to make such examination, and that thereupon the testimony of said physician relative to said examination be taken on behalf of the defendant and reduced to writing by the said referee. Service of a copy of this order and the accompanying affidavit shall be made on the defendant and upon her attorneys on or before the 22d day of October, 1896.

"Dated New York, October 7th, 1896.          Chas. F. MacLean, J. S. C."

Argued before BARRETT, RUMSEY, WILLIAMS, O'BRIEN, and INGRAHAM, JJ.

M. H. Grossman, for appellant.

W. P. Burr, for respondent.

PER CURIAM. The damages sought to be recovered in this action are not alone for injuries which were apparent at or immediately after the accident, but, in addition, those which resulted therefrom, and from which it is claimed the plaintiff is still suffering. The order appealed from does not bear the construction placed upon it by the appellant. The examination by the physician is not to take place in the presence of the referee, or of the defendant's attorney, but is to be a private examination; and, subsequent to such private examination, the physician is to appear before the referee and testify as to the condition in which she then found the plaintiff. The other objections to the order are not well taken. The examination was clearly justified by the provisions of the Code, and the facts shown bring the case within those provisions. The time for the examination having passed, a new day will be fixed upon the settlement of the order.

The order should be affirmed, with $10 costs and disbursements.