---

(55 Misc. Rep. 133.)

### MAHR v. LIVINGSTONE.

(Supreme Court, Trial Term, New York County. June, 1907.)

REPLEVIN—WHEN MAINTAINABLE.

Plaintiff, in actual possession of personalty, cannot maintain replevin therefor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Replevin, § 81.]

Action by Caroline S. Mahr against William H. Livingstone. Judgment for defendant.

---

(121 App. Div. 636.)

### WOOD v. FLAGG.

(Supreme Court, Appellate Division, First Department. October 25, 1907.)

1. DISCOVERY—EXAMINATION OF PARTY BEFORE TRIAL—NEGLIGENCE—ACTIONS.

Ordinarily defendant in a negligence action may not examine plaintiff before trial as to the general issues in the action, although, if the complaint is not specific in that regard, he may obtain a bill of particulars setting out the theory upon which he is sought to be held liable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 53.]

2. SAME—QUESTIONS IN CONNECTION WITH PHYSICAL EXAMINATION.

In connection with a physical examination of plaintiff before trial, defendant may examine him under oath as to the character and extent of his injuries.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 54.]

3. DEPOSITIONS—PHYSICIAN MAKING PHYSICAL EXAMINATION—NECESSITY.

　　Where a physician making a physical examination of plaintiff before
trial is not a party to the action, and is not shown to be sick or infirm
and no necessity for taking his deposition is shown, as expressly provid-
ed by Code Civ. Proc. § 872, subd. 4, the taking of his deposition before
trial should not be allowed.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Depositions, §§
26–29.]

Appeal from Special Term, New York County.

Action by Bertram Wood against Ernest Flagg. From an order
(106 N. Y. Supp. 940) refusing to modify an order for examination
of plaintiff before trial, he appeals. Modified and affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-
LIN, CLARKE, and HOUGHTON, JJ.

Moses Feltenstein, for appellant.
Robert C. Beatty, for respondent.

HOUGHTON, J.　The action is to recover damages for personal
injuries received in a building belonging to the appealing defendant.
An ex parte order was obtained requiring the plaintiff to submit to a
physical examination with respect to his injuries, and that the deposi-
tion of the examining physician be taken thereon, and, in addition, that
the plaintiff be examined concerning the facts and circumstances of
the accident and all matters pertaining to the issues of the action.
The plaintiff was content with the order for a physical examination,
but moved to strike out that part of the order permitting an examina-
tion of himself as to the general issues and the taking of the deposi-
tion of the physician.　The taking of the deposition of the physician
making the physical examination was eliminated, and the order was
confirmed with respect to the examination of plaintiff.

In the furtherance of justice and for the expedition of trials, this
court has swept away many of the technical objections to the exam-
ination by a party of his adversary before trial.　Goldmark v. U. S.
Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078;
McKeand v. Locke, 115 App. Div. 174, 100 N. Y. Supp. 704.　It has
not yet, however, committed itself to the broad proposition that in a
negligence action the defendant may examine the plaintiff before trial
as to all the issues of the action, and thus obtain his version of the hap-
pening of the accident.　The fundamental rule that the testimony
sought must be material and necessary for the use of the party apply-
ing upon the trial of the action has not been abrogated, as was recent-
ly pointed out in Oakes v. Star Co., 119 App. Div. 358, 104 N. Y.
Supp. 244.　It is quite improbable that a defendant in a negligence
action could in good faith say that he intended to use the deposition
of the plaintiff upon the trial of the action, or that such testimony was
material and necessary for his defense.　Such an instance might oc-
cur, but the probability that the plaintiff's testimony would be such
as would tend to fasten liability upon the defendant is so great as to
negative any assertion by the defendant that he intended to use it, or
that it was necessary for him to have it for that purpose.　The fram-
ers of general rule 82 of the court had in mind the possibility of the

abuse of the privilege of examining an adversary before trial when they provided by that rule that the party asking the examination must show its materiality and necessity. This rule only emphasizes the provision of subdivision 4 of section 872 of the Code of Civil Procedure, that it must appear that such testimony is material and necessary to the party making the application. The provision permitting the examination of an adversary before trial is a useful and salutary one, which should not be abused. On proper application, if the complaint is not specific in that regard, the defendant in a negligence action can obtain a bill of particulars which will state the claim of the plaintiff as to how the accident happened, and in what respect the defendant is claimed to have been negligent, and thus get the theory upon which the plaintiff seeks to hold him liable. Dwyer v. Slattery, 118 App. Div. 345, 103 N. Y. Supp. 433. This, we think, in ordinary cases, is all the defendant is entitled to have. A general rule permitting a defendant in a negligence action to examine the plaintiff before trial as to the general issues in the action might result in very grave abuse and in the manufacture of unconscionable defenses. While we do not say that under no circumstances can a defendant examine a plaintiff before trial in a negligence action, we do hold that in ordinary actions such an examination should not be permitted. The defendant, in connection with the physical examination, was entitled to examine the plaintiff as to the character and extent of his injuries, and to that extent only.

The defendant appeals from that part of the order which struck out the provision for taking the testimony of the physician who made the physical examination. The physician is a third party, and it is not alleged that he is sick or infirm, or that there is any necessity for taking his deposition for the purpose of preserving his testimony. His deposition should not have been directed to be taken, and the order striking out the requiring of it to be done was proper.

The order appealed from should be modified by striking out the provision as to the examination of plaintiff, and inserting in place thereof the following:

"Ordered that the examination of the plaintiff under oath be limited to inquiries as to the nature and extent of the injuries complained of, and the peculiar manner in which the injuries were received, so far as necessary to enable the defendant to ascertain the nature and extent of such injuries."

And, as so modified, the order is affirmed, without costs of this appeal to either party.

PATTERSON, P. J., and LAUGHLIN and CLARKE, JJ., concur.

INGRAHAM, J. This is an action to recover for personal injuries, and the order requires the plaintiff to appear before a referee and submit to an examination concerning the facts and circumstances of the accident alleged in the complaint to have happened to the plaintiff, and concerning any other matter relative to the issues in this action, and at the same time to submit to a physical examination by a physician appointed by the court to make such examination. Subdivision 4 of section 872 of the Code of Civil Procedure provides that the person de-

siring to take a deposition must present an affidavit, setting forth the name and residence of the person to be examined, and that the testimony of such person is material and necessary for the party making the application, and, if the action is to recover damages for personal injuries, that the defendant is ignorant of the nature and extent of such personal injuries. Section 873 provides that in every action to recover damages for personal injuries the court or judge in granting an order for the examination of the plaintiff before trial may, if the defendant apply therefor, direct that the plaintiff submit to a physical examination by one or more physicians or surgeons to be designated by the court or judge.

The affidavit of the defendant complies with this provision of the statute. The defendant has no knowledge of the accident, and no knowledge of the way in which the plaintiff came to be injured; and the only person who, so far as appears, has such knowledge, is the plaintiff. The facts as to the accident are material on the trial of the action; and, as the plaintiff has knowledge of such facts, the defendant is given the right to take his deposition before trial. The owner of the house and the contractor doing the work are both made defendants and charged with negligence from which has resulted the plaintiff's injuries; and it is quite evident that the testimony of the plaintiff is material for this defendant who made this application to prove that, if there was negligence, it was his codefendant who was guilty, and that he was not. The house at the time of the accident was partly constructed and was in the possession of the contractor, who is a codefendant, and the affidavit upon which this order was granted states that this defendant is seeking such examination in good faith, and intends to use the same in establishing his defense at the trial of the action. Upon the appeal of the plaintiff, therefore, the order should be affirmed.

There is also an appeal by the defendant from so much of the order as strikes from the order of examination the provision that the testimony of the physician who was to make the physical examination should also be taken. I do not know of any provision of the statute which justifies such an order. This practice seems to have been applied in Bell v. Litt, 12 App. Div. 626, 42 N. Y. Supp. 112, but there is nothing to show that this point was discussed, and I do not see how we can order the testimony of a person not a party to the action, except by complying with subdivision 5 of section 872 of the Code, that the witness is sick or infirm, or there are some other special circumstances which render it proper that he should be examined as prescribed in the article. The knowledge acquired by the physician during the examination is no different from the knowledge acquired by a physician who examines a patient under other circumstances, and any party can procure the testimony of this physician by calling him upon the trial.

The order should be affirmed, but, as both parties appeal, without costs.