### KAPLAN v. SHER.

(Supreme Court, Appellate Term. November 29, 1907.)

PLEADING—BILL OF PARTICULARS—SCOPE.

> Plaintiff alleged that defendant put him to work at a machine without instructing him as to the manner of operating it and without warning him of the dangers from such operation, that he had no knowledge thereof and could not have obtained knowledge without being informed thereof by defendant or his servants, and that on a specified date while he was working at or near one of the machines, he was injured by a defect in the condition of the ways, works, or machinery connected with defendant's business. *Held*, that defendant was entitled to a bill of particulars stating whether plaintiff was operating the machine when he was injured, the character of the business plaintiff had been prevented from following, the wages or income he had been prevented from earning, the amount paid for medical services, and whether at the time of the accident he was directed to operate the machine, what he was directed to do, and in what respect defendant's ways, works, or machinery were defective.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 956.]

Appeal from City Court of New York, Trial Term.

Action by Jacob Kaplan, an infant, by Mary Kaplan, his guardian ad litem, against Louis Sher. From an order of the New York City Court, denying part of defendant's motion for a bill of particulars, he appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Herman Kahn, for appellant.
H. B. Davis and Henry S. Mansfield, for respondent.

ERLANGER, J. The complaint alleges that the defendant put the plaintiff to work at or near a machine used for the manufacture of buttons, without instructing him as to the manner of operating the same, and without warning him of the dangers reasonably to be expected from the operation thereof; that he had no knowledge of such dangers, nor could he have obtained such knowledge without being informed thereof by the defendant or his servants; that on

March 5, 1907, while he was "working at or near one of said machines, he was seriously injured" by a portion of his thumb being cut off; that said injury was caused by reason of a defect in the condition of the ways, works, or machinery connected with or used in the business by the defendant. Defendant moved for a bill of particulars, and the same was granted in so far as to require the plaintiff to state "whether he was in the act of operating the machine at the time of the alleged injury, and the nature and character of his business which he has been prevented from attending, and the amount of his income, profits, or wages which he has been prevented from earning, and the amounts paid for physicians and medical services." In all other respects the motion was denied.

In addition to the particulars ordered by the court, plaintiff should have been required to specify: (1) Whether or not it is claimed at the time of the accident he was put to work to operate the machine, and what he was directed to do, and also (2) in what respect it is claimed the ways, works, or machinery connected with or used in the business by the defendant were defective. Causullo v. Lenox Construction Company, 106 App. Div. 575, 94 N. Y. Supp. 639; King v. Brookfield, 72 App. Div. 483, 76 N. Y. Supp. 604; Daly v. Bloomingdale, 71 App. Div. 563, 76 N. Y. Supp. 131; Dwyer v. Slattery, 118 App. Div. 345, 103 N. Y. Supp. 433. The defendant is clearly entitled to the information he seeks to avoid surprise upon the trial, and in order that he may fairly meet the issue tendered by plaintiff.

The order appealed from should be modified, so as to include therein, in addition to what has already been allowed, the two specifications herein mentioned, and, as so modified, affirmed, with costs to appellant to abide the event. All concur.