### KAPLAN v. SHER.

(Supreme Court, Appellate Term. February 24, 1908.)

PLEADING—BILL OF PARTICULARS—INJURIES TO SERVANT.

A complaint alleged that defendant put plaintiff to work at or near a machine without instructing him as to the manner of operating it, and without warning him of the dangers, and that on a specified day, while he was "working at or near one of said machines, he was seriously injured" by a portion of his thumb being cut off; that said injury was caused by reason of a defect in the condition and the ways, works, or machinery connected or used in the business of defendant. Held, that defendant is entitled to a bill of particulars stating how the accident occurred, to the extent of showing in what respect defendant is claimed to have been negligent and on what theory plaintiff seeks to hold him liable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 956.]

On reargument. Former opinion modified.

For former opinion, see 106 N. Y. Supp. 1094.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

PER CURIAM. This is a reargument of part of an appeal which came before this court at the October term, 1907, and was determined by an order of this court, made and entered November 29, 1907. Leave to reargue this appeal was granted upon defendant's motion by order of this court made and entered on January 22, 1908. The original appeal was by defendant from so much of the order of the City Court, made and entered on July 12, 1907, as denied defendant's motion for a bill of particulars of plaintiff's complaint in certain respects. Upon the appeal, the order was modified, and, as modified, affirmed. See 106 N. Y. Supp. 1094. After further consideration of the case, upon the reargument, we conclude that the defendant is en-

titled to more information with respect to the allegations of the complaint. While the plaintiff should not be required to disclose his evidence in making a detailed recital of his version of the accident, still he should be required to state how the accident occurred to the extent of showing in what respect the defendant is claimed to have been negligent, so as to disclose upon what theory the plaintiff seeks to hold him liable. See Wood v. Hoffman, 121 App. Div. 638, 106 N. Y. Supp. 308.

The order must be further modified as above indicated, without further costs to either party. Settle order on notice.