AUTOMOBILE CLUB OF AMERICA v. CANAVAN et al.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

DEPOSITIONS (§ 14*)—GROUNDS FOR TAKING—SPECIAL CIRCUMSTANCES—DEPOSITION BEFORE TRIAL.

By Code Civ. Proc. § 872, subd. 5, to entitle a party to examine a witness, not an adverse party, before the trial, an affidavit must be made showing that the witness is about to leave the state, etc., or other special circumstances rendering such examination proper; and section 882 provides that depositions so taken shall not be read in evidence until it has been satisfactorily proved that the witness has been or is absent from the state, so that his attendance could not, with reasonable diligence, be compelled by subpoena, or that he is unable to be present by sickness, etc. Plaintiff's affidavit showed that the action was to recover money overpaid to defendant by mistake for work performed; that the witness sought was in charge of the work, in payment for which the overpayment was made, and in a former action by defendant herein against plaintiff the witness was an important witness for plaintiff, but had evaded service of subpoena; and that defendants had refused to give any information as to his whereabouts, but plaintiff had located him, and requested an order for his examination in the present action before trial. It ap-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

peared that the witness would only have to cross a river to be in another state, so as to evade summons. *Held* that, while it would not be enough to show that the witness sought to evade service by subpœna, and the special circumstances to justify the order must be such as to justify the reading of the deposition under section 882, yet, the witness being shown to be hostile and under the control of defendants, so that it was probable that his testimony could 'not be obtained at the trial, plaintiff was entitled to the order for examination.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 29; Dec. Dig. § 14.*]

Appeal from Special Term.

Action by the Automobile Club of America against David P. Canavan and others. From an order granting a motion to vacate an order for the examination of a witness before trial, plaintiff appealed. Order reversed, and motion to vacate denied.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

William W. Niles, for appellant.

Franklin Nevins, for respondents.

INGRAHAM, J. Upon an affidavit of the plaintiff's secretary an order was granted directing that one Thomas Shannon appear at the Special Term of this court and be sworn and examined as a witness for the plaintiff. From this affidavit it appeared that the plaintiff was a domestic corporation, and that the action was brought to recover a sum of money which by mistake had been overpaid by the plaintiff to the defendants. The defense is a general denial. It is then alleged that the testimony of one Shannon is material and necessary for the plaintiff upon the trial of the action, as at the time of the transactions involved Shannon was the foreman for the defendants in charge of the work, in paying for which the overpayment was made; that such foreman, Shannon, was present during a large portion of the time that the work was in progress upon the premises, superintending the same, and had knowledge of the services rendered by the defendants to or for the plaintiff; that in an action against the plaintiff, which came on for trial in April last, Shannon, then in the employ of defendants, was an important witness for the plaintiff; that Shannon avoided the service of a subpœna, and the defendants refused to give any information as to his whereabouts, or to afford an opportunity to subpœna him; that the plaintiff then procured the services of a detective, who located Shannon, but three weeks were consumed in serving the subpœna on him. It thus appears that Shannon would be a hostile witness, controlled by the defendants and in their employ, and that the defendants have refused to give any information as to his whereabouts when he was wanted as a witness.

The order for Shannon's examination was vacated by the court below upon the ground that, as Shannon was not a party to the action, he could not be examined, except under subdivision 5 of section 872 of the Code of Civil Procedure, and that the fact that the plaintiff had difficulty in effecting service of a subpœna upon the witness in another action does not constitute a special circumstance, under subdivision 5 .

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of section 872 of the Code, which justifies an order for the examination of a witness under that subdivision. The ground of the application to examine Shannon was that from the facts and circumstances stated there was a well-grounded apprehension that the plaintiff would be deprived of his testimony if it depended upon his presence at the trial; that Shannon's relation to the defendant, his action in evading service of a subpœna when his testimony was required in another action, and defendants' action in respect to his attendance justified the conclusion that, unless the plaintiff could perpetuate his testimony, there was serious danger of its being deprived of the benefit of his testimony upon the trial of the action. The question is whether, by the statement of these facts, the plaintiff brought itself within subdivision 5 of section 872 of the Code. By that section, to entitle a party to an action to examine a witness, not an adverse party, before the trial, he must present to the judge or the court an affidavit setting forth that:

"The person to be examined is about to depart from the state, or that he is so sick or infirm as to afford reasonable ground to believe that he will not be able to attend the trial, or that any other special circumstances exist, which render it proper that he should be examined, as prescribed in this article."

This provision should be read in connection with section 882, which provides that:

"Such deposition * * * shall not be so read in evidence until it has been satisfactorily proved that the witness is dead, or is unable personally to attend by reason of his insanity, sickness or other infirmity, or that he is confined in a prison or jail, or that he has been and is absent from the state, so that his attendance could not, with reasonable diligence be compelled by subpœna."

The evident intent of these provisions was to enable any party to have the testimony of a material witness perpetuated, when it appears there was danger that the attendance of the witness could not be secured at the trial by reason of the disability of the witness or his absence from the state. What the applicant had to show was that the witness was about to depart from the state, or was sick or infirm, "or that any other special circumstances exist which render it proper that he should be examined" before the trial, instead of at the trial, and the question is whether the facts here disclosed are "other circumstances" which would justify the taking of the testimony before the trial. The statute does not prescribe what those other circumstances must be. It was quite clearly intended that the circumstances must be such as would justify the conclusion that the deposition could be read under section 882 of the Code. The proof required is quite different from that required when adverse parties are to be examined, and still these provisions should receive a reasonable interpretation; and where the special circumstances disclosed justify a well-grounded apprehension that the witness, either from physical infirmities, or his confinement in a prison or jail, or his absence from the state, could not be produced at the trial, the evidence should be taken before the trial, so that his deposition could be read under section 882. It is impossible to lay down any general rule which would include all cases in which such an examination should be had. It would not be enough to show that a

witness would endeavor to evade the services of a subpœna. Where, however, it does appear that the witness is under the control of the adverse party and that he had before refused to give any information which would enable the party making the application to subpœna him, that he has but to cross the Hudson river to be out of the state; so that his attendance could not be compelled by subpœna, together with the other circumstances here disclosed, are "other circumstances" which under subdivision 5 of section 872 of the Code entitled the appellant to the order.

The cases cited by the respondent (Wood v. Hoffman, 121 App. Div. 636, 106 N. Y. Supp. 308; Diefendorf v. Fenn, 125 App. Div. 651, 110 N. Y. Supp. 68) are not in point. In Town of Hancock v. First National Bank, 93 N. Y. 86, in speaking of subdivision 5 of section 872 of the Code, the court said:

"These 'other' circumstances evidently mean such as will make the presence and evidence of the witness at the trial doubtful and uncertain, and relate to his personal condition and purposes, as bearing upon the probability of his future attendance."

We think that upon these special facts and circumstances the order for the examination of Shannon should not have been vacated.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the order denied, with $10 costs. All concur.