(137 App. Div. 310.)

### SMYTH v. LICHTENSTEIN.

(Supreme Court, Appellate Division, First Department. March 24, 1910.)

DISCOVERY (§ 38*)—EXAMINATION OF ADVERSE PARTY—PURPOSE.

　　In an action for damages for alleged indignities and assault, an order for the examination of plaintiff as an adverse party concerning the issues in the action was improperly granted, where the purpose of the examination was not to obtain testimony material and necessary for use on the trial, but to obtain in advance plaintiff's story.

　　[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Appeal from Special Term, New York County.

See, also, 122 N. Y. Supp. infra.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

S. A. Lowenstein, for appellant.

Epstein Bros. (Jesse S. Epstein, of counsel), for respondent.

CLARKE, J. This is an action to recover damages for alleged indignities and assault. The order provided for the examination of the plaintiff as an adverse party concerning the issues in the action, and ought not to have been granted. It is obvious that the purpose of the examination was, not to obtain testimony material and necessary for the party making the application for use upon the trial, but to obtain in advance the plaintiff's story, and comes within the principle announced by this court in Wood v. Hoffman Co., 121 App. Div. 636, 106 N. Y. Supp. 308.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

(137 App. Div. 335.)

### SMYTH v. LICHTENSTEIN.

(Supreme Court, Appellate Division, First Department. March 24, 1910.)

DAMAGES (§ 206*)—PROCEEDINGS FOR ASSESSMENT—PHYSICAL EXAMINATION OF PERSON INJURED.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 531; Dec. Dig. § 206;* Discovery, Cent. Dig. §§ 92–98.]

Ingraham, P. J., and Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Marguerite Smyth, an infant, by Ira M. Smyth, her guardian ad litem, against Isaac Lichtenstein. From an order denying a motion to vacate an order providing for the physical examination of plaintiff as an adverse witness before trial, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

S. A. Lowenstein, for appellant.

Epstein Bros. (Jesse S. Epstein, of counsel), for respondent.