Appeal from Special Term, New York County.

Action by Marguerite Smyth, an infant, by Ira M. Smyth, her guardian ad litem, against Isaac Lichtenstein. From an order denying a motion to vacate an order for the examination of plaintiff before trial, plaintiff appeals. Reversed.

See, also, 122 N. Y. Supp. infra.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

S. A. Lowenstein, for appellant.
Epstein Bros. (Jesse S. Epstein, of counsel), for respondent.

---

(137 App. Div. 335.)

SMYTH v. LICHTENSTEIN.

(Supreme Court, Appellate Division, First Department. March 24, 1910.)

DAMAGES (§ 206*)—PROCEEDINGS FOR ASSESSMENT—PHYSICAL EXAMINATION OF PERSON INJURED.

Under Code Civ. Proc. § 873, providing that, in actions for damages for personal injuries, defendant, on presenting satisfactory evidence that he is ignorant of the nature of the injuries, is entitled to an order requiring plaintiff to submit to a physical examination by physicians, such an order was improperly granted in an action for alleged indignities and assault, where it appeared that defendant's purpose was not to obtain evidence of plaintiff's physical injuries, but to inquire into her previous history and physical condition.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 531; Dec. Dig. § 206;* Discovery, Cent. Dig. §§ 92–98.]

Ingraham, P. J., and Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Marguerite Smyth, an infant, by Ira M. Smyth, her guardian ad litem, against Isaac Lichtenstein. From an order denying a motion to vacate an order providing for the physical examination of plaintiff as an adverse witness before trial, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

S. A. Lowenstein, for appellant.
Epstein Bros. (Jesse S. Epstein, of counsel), for respondent.

CLARKE, J. This is an action to recover damages for alleged indignities and assault. In addition to the order for the examination of the plaintiff upon the issues of the action, which we have determined ought not to have been granted in a decision handed down herewith (122 N. Y. Supp. 73), an order was made requiring the plaintiff to submit to a physical examination as an adverse witness.

The plaintiff has furnished a bill of particulars. The defendant in his answer has denied the assault. It is apparent from the complaint and the bill of particulars that the gravamen of this action consists of the indignities to which plaintiff alleges she was subjected. No necessity for a physical examination is shown. It is apparent from the moving papers that the purpose of the defendant is, not to obtain evidence of the physical injuries alleged to have been suffered as the result of his assault, but to inquire into her previous history and physical condition. If an examination for such purpose could ever be permitted, we are satisfied that the moving affidavits are insufficient and of no probative value. We think that the order for the examination in the case at bar does not come fairly within the intent of section 873 of the Code of Civil Procedure, but that the examination is sought for ulterior purposes.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

SCOTT and MILLER, JJ., concur.

INGRAHAM, P. J. I dissent. By section 873 of the Code of Civil Procedure it is provided that in every action to recover damages for personal injuries the defendant is entitled to an order requiring the plaintiff to submit to a physical examination by one or more physicians or surgeons to be designated by the court or judge, where the defendant shall present to the court or judge satisfactory evidence that he is ignorant of the nature and extent of the injuries complained of. The court has no right to refuse to enforce this mandatory provision because it thinks that the purpose of the defendant is not to obtain evidence of physical injuries alleged to have been suffered as the result of the assault, but to inquire into her previous history and physical condition. It is to allow the defendant to ascertain the physical condition of a person claiming to be injured as the result of a defendant's trespass that this provision was enacted. Here the plaintiff claims that her present physical condition was the result of this assault. The defendant asks that a physical examination be ordered to show that the present physical condition was not the result of the assault, but that such physical condition existed prior to the alleged assault. There is no question as to the lack of knowledge of the plaintiff's physical condition, and it seems to me that this is a perfectly justifiable inquiry; that the appellant has a right to prove, if he can, by this examination, that the physical condition for which the plaintiff claims damages was not caused by the assault; and there is nothing in this case to show that

the application for this physical examination was not made in good faith and for a legitimate and proper purpose.

I think the order should be affirmed.

LAUGHLIN, J., concurs.