### SCHULER v. WOODWARD et al.

(Supreme Court, Appellate Division, First Department. April 8, 1910.)

1. DISCOVERY (§ 41*)—EXAMINATION OF WITNESS BEFORE TRIAL.

    A commission will not issue to take the testimony of a witness before trial, unless it appears that the testimony is material to the issue.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 54; Dec. Dig. § 41.*]

2. DISCOVERY (§ 41*)—EXAMINATION OF WITNESS BEFORE TRIAL.

    A stockholder of a bankrupt foreign corporation, suing, on behalf of himself and other stockholders similarly situated, to restrain a reorganization committee from acquiring the assets and from carrying out a proposed plan of reorganization, is not entitled to a commission to take the testimony before trial of a witness to show that a third person's breach of contract to furnish money to the corporation caused the bankruptcy

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the corporation, because the testimony is not involved in the issue and will not be admissible at the trial.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 54; Dec. Dig. § 41.*]

3. DISCOVERY (§ 36*)—EXAMINATION OF WITNESS BEFORE TRIAL.

The court will not permit its process to be used in one action to enable a party to ascertain whether he may not have an action or cause of defense in a contemplated action.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. § 36.*]

Action by George H. Schuler against James T. Woodward and others, as reorganization committee of a corporation, and another. From an order directing the examination of a witness on behalf of plaintiff before trial on oral questions, certain of the defendants appeal. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

William B. Hornblower, for appellants.
Abram J. Rose, for respondent.

McLAUGHLIN, J. Action by a stockholder of a foreign corporation, on behalf of himself and other stockholders similarly situated, to restrain the appellants, as a reorganization committee, and others, from acquiring the properties and assets of the corporation and from carrying out a proposed plan for reorganization, and to have such plan declared illegal and void, in fraud of their rights. After issue had been joined, the plaintiff obtained an order for the examination of a witness residing at Chattanooga, Tenn., upon oral questions, and the appeal is from such order.

I am of the opinion that the order appealed from should be reversed. The subject-matter concerning which it is desired to examine the witness is in no way connected with or material to the issues involved in the action. Such examination can only be for an ulterior purpose, and for that reason the motion should have been denied. A commission will not issue to take the testimony of a witness in advance of the trial, unless it is made to appear that such testimony is material to the issue to be tried. Wood v. Hoffman, 121 App. Div. 636, 106 N. Y. Supp. 308; Gavin v. N. Y. Construction Co., 122 App. Div. 643, 107 N. Y. Supp. 272; Ehrich v. Root, 122 App. Div. 719, 107 N. Y. Supp. 846; Oakes v. Star Co., 119 App. Div. 358, 104 N. Y. Supp. 244; Grant v. Greene, 118 App. Div. 850, 103 N. Y. Supp. 674; Potter v. Morning Journal Ass'n, 49 App. Div. 242, 63 N. Y. Supp. 223. See, also, rule 82, Gen. Rules of Practice.

The examination is desired for the purpose of showing the breach of a contract on the part of the firm of Kean, Van Cortlandt & Co. and the corporation in question to furnish certain moneys to it, which failure it is claimed was the cause of or resulted in the bankruptcy of the corporation; but the failure of such firm to perform the contract, if made, is in no way involved in the issues of this action, nor

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

would evidence bearing on that subject be admissible at the trial. The court will not permit its process to be used in one action to enable a party to ascertain whether he may not have a cause of action or defense in a contemplated action.

The order, so far as appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion for the examination of the witness referred to denied, with $10 costs. All concur.