McCLARTY v. GIROUX et al.

(Supreme Court, Appellate Division, First Department. February 17, 1911.)

DISCOVERY (§ 38*)—EXAMINATION OF PLAINTIFF BEFORE TRIAL—PURPOSE.

   Defendant is not entitled to an examination of plaintiff before trial, what he seeks being to examine plaintiff on the matters he will have to prove before he can establish any cause of action; that is, to obtain plaintiff's story in advance, and not to elicit evidence in support of his own case.

   [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

Appeal from Special Term, New York County.

Action by Clint C. McClarty against Eugene L. Giroux and another. From an order denying a motion to vacate an order for examination of plaintiff before trial, he appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Edward L. Blackman, for appellant.
Joseph S. Buhler, for respondent.

DOWLING, J. This is an appeal from an order denying a motion to vacate an order for the examination of the plaintiff before trial. The action is brought to recover the sum of $35,000 for services alleged to have been rendered by plaintiff in procuring purchasers for stock in a corporation. The answer of the defendant Giroux contains a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

general denial of the allegations of the complaint, and by way of a separate defense sets up the statute of limitations. The affidavit upon which the order for the examination of plaintiff was obtained shows that the sole purpose of the defendant Giroux is, in effect, to cross-examine the plaintiff upon the matters which he will be compelled to prove before he can establish any cause of action. As he puts it, it is necessary for him to examine the plaintiff before trial, "to determine upon what facts, if any, the plaintiff bases his claim," and in order that he may not "be obliged to go blindfolded into the trial of the action, in complete ignorance of the details of plaintiff's claim, or of any of the facts upon which it is based."

The order of examination in this case comes clearly within the class in which, under the rule laid down in Lawson v. Hotchkiss, 140 App. Div. 297, 125 N. Y. Supp. 261, it was improper to grant such an order:

"It is apparent from this affidavit that it is not desired to take the plaintiff's examination in order to establish any fact which the defendant will be called upon to affirmatively establish as a part of his case. As has been said, the answer puts in issue the plaintiff's allegations as to her interest in the policy, and thus casts upon her the burden of proving those allegations. What is evidently desired is to submit her to a cross-examination, in advance of the trial, as to evidence which it is assumed she will give upon the trial. Thus the purpose is, if possible, to break down in advance the plaintiff's evidence. It is obvious that such an examination may have a wide range; for it will not be limited, as cross-examination usually is, by what has been testified to on the direct examination. In other words, what the defendant seeks is to obtain the plaintiff's story in advance, and not to elicit evidence in supporting his own case."

Neither the necessity nor materiality of the examination of plaintiff are shown by the recital of any appropriate facts and circumstances, and the examination was unwarranted. Oakes v. Star Co., 119 App. Div. 358, 104 N. Y. Supp. 244; Hartog v. Richmond Cedar Works, 124 App. Div. 627, 109 N. Y. Supp. 113.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion to vacate the order for plaintiff's examination granted, with $10 costs. All concur.