GUSTAVE A. STROM, Plaintiff, *v.* THE AMERICAN DISTRICT STEAM CO., Defendant.

(Supreme Court, Niagara Special Term, February, 1914.)

Labor Law, § 202a — employee's action to recover for personal injuries — change of rules of procedure for advantage of employee — examination before trial.

Since the Labor Law was amended in 1910 by adding section 202a making the contributory negligence of the plaintiff in an employee's action to recover for personal injuries alleged to have been sustained by his employer's negligence a matter of affirmative defense, the defendant is not entitled to an examination of the plaintiff before trial to establish such defense but the scope of the examination must be limited to an inquiry as to the character and extent of plaintiff's injuries.

The legislature by said section 202a intending. a change in the rules of procedure for the advantage of the employee, to allow a general examination of him before trial would give the employer a greater advantage in securing evidence than he had before said section was added to the Labor Law.

MOTION to modify order for examination of plaintiff before trial.

Supreme Court, February, 1914. [Vol. 84.

George D. Judson, for motion.

E. E. Franchot, opposed.

Pound, J. This is an employee's action brought to recover damages for personal injuries alleged to have been sustained by defendant's negligence.

Plaintiff moves to modify an order for his examination before trial as to the circumstances of the accident and his previous training and experience in the kind of work he was doing when injured, as well as to the character and extent of his injuries, by limiting the scope of the examination to the latter inquiry only.

Justice Ingraham, writing in *Goldmark* v. *United States Electro-Galvanizing Co.*, 111 App. Div. 526, at page 529, says: " Where an issue of fact is presented to be determined upon the trial of the action, and where it appears that a party to the action has knowledge of facts which are material in the determination of that issue, either party to the action under these provisions of the Code is entitled to examine such a party and have his deposition taken for use at the trial."

Presumably, every plaintiff in a negligence action, seeking to recover for his own personal injuries, " has knowledge of facts which are material to the determination of the issue," but Justice Ingraham further says that the right is subject to abuse and it is the duty of the court to prevent abuse of its processes.

The right thus broadly stated is subject to certain well-defined limitations.

Thus in *Wood* v. *Hoffman Co.*, 121 App. Div. 636, it is held that, in ordinary negligence actions, a defendant should not be permitted to examine the plaintiff generally before trial. The reason given is that the probability is so great that plaintiff's testimony

would fasten liability upon defendant as to negative any allegation of the defendant that he intended to use the testimony or that it was necessary for him to have it.    Circumstances may exist, as Houghton, J., in the opinion *supra,* suggests, which tend to negative this probability.    Such circumstances should appear in the papers on which the order for examination is granted.    The moving papers herein suggest no probability, but only a possibility, that plaintiff's testimony will establish his contributory negligence.

It is urged that as contributory negligence is now an affirmative defense in employers' liability cases (Laws of 1910, chap. 352, § 2; Labor Law, § 202a), defendant is entitled to an examination of plaintiff to establish such defense, as plaintiffs have heretofore been entitled to examine defendants before trial to establish their cause of action.    *Goldmark Case, supra.*    Without indicating whether or not in this action, based on an accident occurring in Pennsylvania, contributory negligence is an affirmative defense to be pleaded and proved by defendant, it seems that the amendment to the Labor Law above indicated does not materially enlarge defendant's rights in this regard.    In the very recent case of *Griffin* v. *Cunard Steamship Company,* 159 App. Div. 453, the court (First Department, Dec. 5, 1913), denying plaintiff's application for a bill of particulars of such affirmative defense, says:    '' Upon considerations of sound public policy we have not allowed general examinations before trial in negligence cases.    (*Wood* v. *Hoffman Co.,* 121 App. Div. 636.)    It seems apparent that if an order should require the defendant to give the particulars of the claimed contributory negligence *the court must be prepared to grant an application for an order for plaintiff's examination before trial* to enable defendant to comply with the

order for particulars. *We are unwilling to embark on this course of procedure."*

On the same day, the Appellate Division, Second Department, in *Havholm* v. *Whale Creek Iron Works,* 159 App. Div. 578, held, in direct conflict with the First Department, that a bill of particulars of the defense of contributory negligence in an employee's action may be required of defendant.

If such a bill of particulars is required, an order for the general examination of plaintiff before trial would probably follow, but otherwise the rule is that, upon considerations of public policy, general examinations of plaintiff before trial are not allowed in negligence cases and defendant must establish some exception to the rule in order to be entitled thereto. This rule seems to be in accordance with sound principles of justice.

If, prior to the trial, defendant should be compelled to submit to an examination to enable plaintiff to establish his cause of action, it might, at first glance, seem to follow that plaintiff should likewise be compelled to submit to an examination to enable defendant to establish the defense of contributory negligence, but the facts relied upon to show defendant's negligence are so inextricably interwoven with plaintiff's own conduct at the time of the injury as ordinarily, from the nature of the case, to resolve an examination of plaintiff into a preliminary cross-examination to obtain his own case in advance, which is not the purpose of an examination before trial. *McClarty* v. *Giroux,* 142 App. Div. 750.

The purpose of the amendment to the Labor Law (§ 202a) was to shift the burden of proof of contributory negligence to the defendant (see First Report to the Legislature of the State of New York of the Commission on Employers' Liability, March 19, 1910,

p. 62), and the reason there given for the change is that the employer is at a great advantage in the matter of securing evidence. "As a practical matter, it is in these cases," the report states, " extremely difficult for the employee to find the necessary evidence of negligence, even when negligence exists."

The legislature had in mind a change in the rules for the advantage of the employee. To allow general examination of the plaintiff before trial would give the employer a greater advantage in the matter of securing evidence than he had before the amendment was adopted.

Defendant is entitled to examine plaintiff as to the nature and extent of his injuries and to that extent only.

Ordered accordingly.