FRENCH OVER-SEAS CORPORATION, Appellant, *v.* FIVE CONTINENTS CORPORATION and ANDERSON T. HERD, Respondents.

First Department, February 6, 1920.

Depositions — commission to take testimony denied — action on promissory note — defense that holder did not pay losses under prior agreement — partial defense not pleaded as equitable counterclaim.

In an action on a note made by the defendant corporation and indorsed by another defendant on which liability is admitted the defendants, under a partial defense not pleaded as an equitable counterclaim, are not entitled to prove that prior to the making of the note the plaintiff agreed to dis-

count drafts drawn by the defendant corporation on consignees to whom shipments of merchandise were being made, and that it was further agreed that the plaintiff should receive a portion of the profits of said transactions and should share a portion of the losses, and that the plaintiff has refused to pay its part of a loss and has not applied or credited the same against the note. Hence, the plaintiff is not entitled to a commission to take the testimony of foreign witnesses as to said facts.

Appeal by the plaintiff, French Over-Seas Corporation, from that part of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of November, 1919, as resettled by an order entered in said clerk's office on the 17th day of December, 1919, granting defendants' motion for a commission to take testimony.

*Carroll G. Walter* of counsel [*Edward J. Patterson* with him on the brief; *Patterson, Eagle, Greenough & Day*, attorneys], for the appellant.

*Henry J. Goldsmith* of counsel [*H. J. & F. E. Goldsmith*, attorneys], for the respondents.

Philbin, J.:

Plaintiff sues on a promissory note made on May 15, 1919, by defendant corporation to it for $65,000 and interest. It is alleged that prior to the delivery of the note to plaintiff the defendant Herd placed his signature in blank thereon and indorsed the note. Protest and notice to Herd are alleged, and also that no part of the note has been paid. The answer makes no denial. It sets up as a first and partial defense that one John H. Carpenter paid to plaintiff for the benefit of defendants $32,500, which was received by plaintiff on account of the note. For a second and partial defense it is alleged that during the early part of the year 1918 defendants made an agreement with plaintiff whereby plaintiff agreed " to discount certain drafts " drawn by defendant corporation on consignees to whom shipments of merchandise were being made by said defendant on two vessels named and other vessels; that it was further agreed that plaintiff should receive a one-third portion of the gains arising out of the transactions in connection with such shipments, if any there should be, and

should bear one-third of the losses; that a loss of upwards of $100,000 resulted; that by reason of the premises plaintiff became obligated to pay defendant corporation a sum exceeding $33,000, no part of which has been paid although duly demanded, and no part thereof has been applied to and credited against the note referred to in the complaint. Wherefore, defendants demand judgment that the complaint be dismissed.

The commissions are sought to take testimony in relation to the second defense. The affidavit of the defendant Herd alleges that the transactions referred to are very numerous and the shipments were to consignees in South America; that one Paes, at Para, Brazil, acted as agent for the defendant corporation for the sale of the merchandise; that one Tinsley of Baltimore, Md., had charge of issuing and discounting some of the drafts; that some of the drafts were negotiated through the Equitable Trust Company of Baltimore, under direction of its president, one Norton; that each of said three proposed witnesses is in a position to give testimony as to such matters.

The testimony in support of the second defense would not be admissible upon the trial and, therefore, the motion for commissions should have been denied. (*Schuler* v. *Woodward*, 137 App. Div. 576; *Dwight* v. *Gibb, No. 1,* 145 id. 223.) The liability on the note sued upon is admitted, and there is nothing in the second defense attacking its validity. There is not even any relation shown between the transactions in the year 1918 and the note in suit made in 1919. The facts set forth in the defense are not pleaded as an equitable counterclaim and, therefore, are not available for that purpose. (Code Civ. Proc. § 509; *Gilsey* v. *Keen, No. 1,* 104 App. Div. 427; *Rice* v. *Grange,* 131 N. Y. 149, 152; *Deeves & Son* v. *Manhattan Life Ins. Co.,* 195 id. 324, 332.)

The order so far as appealed from should be reversed and the motion for commissions denied, without costs.

DOWLING, LAUGHLIN, PAGE and MERRELL, JJ., concur.

Order so far as appealed from reversed and motion denied, without costs.