STAPLETON v. LA SHELLE.

(Supreme Court, Appellate Division, First Department.  March 6, 1908.)

POSITIONS—ORDER—GROUNDS FOR VACATING.

Code Civ. Proc. § 871, authorizes taking the deposition of a witness. Section 872 provides that the affidavit presented to the judge should set forth among other grounds that the person to be examined is about to depart from the state. An affidavit set up that a witness was about to leave for the west; that it was impossible to determine in advance where he would be at a given date, or to tell when the case would be tried, and whether the witness would be in the city at the time of trial. The order was granted, but subsequently vacated on the statement of the witness that he had a fixed route, and that his whereabouts could be determined at any time. *Held*, that the order was improperly vacated.

Appeal from Special Term.

Action by John Stapleton against Mazie N. La Shelle, as executrix of the last will and testament of Kirke La Shelle. An order was made vacating an order for the examination of witness before trial, and plaintiff appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and SCOTT, JJ.

Benno Loewy, for appellant.

Stover, Hall & Freeman (Joseph C. Freeman, of counsel), for respondent.

CLARKE, J.  This is an appeal from an order vacating an order for the examination of a witness before trial.  Section 871 of the Code of Civil Procedure provides that "the deposition of a person not a party, whose testimony is material and necessary to a party to an action pending in a court of record,  *  *  *  may also be taken as prescribed in this article."  Section 872 provides that the affidavit to be presented to the judge should, among other things, set forth as follows:

"(5) If an action is pending, that the person to be examined is about to depart from the state, or that he is so sick or infirm, as to afford reasonable ground to believe that he will not be able to attend the trial; or that any other special circumstances exist, which renders it proper that he should be examined as prescribed in this article.  *  *  *  (7) Any other fact necessary to show that the case comes within one of the two last sections."

The affidavits presented upon the application for the order for the examination complied with the technical requirements of the Code and the rules, and set up that the witness, whose testimony was desired to be taken de bene esse, was about to leave the city of New York for the West; that it was impossible to determine for any length of time in advance where said witness would be at any given date, impossible to determine when the case would be reached for trial, and impossible to state whether or not the witness would be in the city of New York at the time of the trial of the action. The learned court, in its order vacating the order which had been granted for the examination, stated:

"It appearing by the statement of said Cornelius Gardiner in open court and before me upon said motion that said Gardiner has a fixed and deter-

mined route made out for him by which his whereabouts during various times can be determined, and his whereabouts from time to time actually known, the said statement being unchallenged and uncontradicted, and it appearing that said order was improvidently and improperly granted"—

the same was vacated and set aside.

The ground upon which the order was vacated, as stated in the order itself, was not sufficient warrant for the action of the court. The provisions of law providing for the taking of testimony and the perpetuation of the same are based upon the possibility that the witness will not be available at the time of the trial. If he is old and infirm, or sick, or a nonresident temporarily within the state, or a resident about to go beyond the state, his deposition may be taken in the interests of justice. If he is available upon the trial, if he can be reached by subpœna, he must be produced and the deposition may not be read, and therefore no possible harm can be done to the opposite side; if, however, when the trial does take place the anticipated contingency which authorized the taking of the deposition has happened, and the attendance of the witness cannot be compelled, then the beneficent purpose of the statute is realized.

In the particular case at bar, upon other appeals involving the taking of testimony upon commission, this court has expressed the opinion that in view of the nature of the controversy, namely, a suit brought against an administratrix based upon an alleged oral contract with the decedent, of which, in the nature of things, she could not be expected to have personal knowledge, a provision for an oral cross-examination of the witnesses to be examined upon said commissions by the plaintiff would have been proper.

If this order had not been vacated, the testimony of this witness would have been taken before a justice of the court in the courthouse in the city of New York, and full opportunity would have been given for such oral cross-examination. When we take into consideration the uncertainty of the date of trial, coupled with the exigencies of the theatrical profession which require its members to travel throughout the United States, the vacation of an order made upon proper papers and for good reason for an examination de bene esse does not commend itself to us as in the interests of justice. Under such circumstances, to require in lieu of such examination the taking of the evidence in some distant state by commission seems unreasonable.

The order appealed from should therefore be reversed, with $10 costs and disbursements to the appellant, and the motion denied, with $10 costs. All concur.