CHITTENDEN v. SAN DOMINGO IMPROVEMENT CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 7, 1909.)

1. DISCOVERY (§ 49*)—STATUTORY PROVISIONS—EXAMINATION OF PERSONS NOT PARTIES.

Code Civ. Proc. § 871, provides that the deposition of a person not a party to the pending action may be taken. Section 872 provides that a party desiring to take a deposition may present to the court an affidavit setting forth the facts essential to justify granting the order. Subdivision 5 permits examination of a person about to depart from the state or sick, or where there are "other special circumstances" rendering it proper. Subdivision 4 provides that the name and residence of the person to be examined must be set forth, and that the testimony is material and necessary. Rule 82 of the general rules of practice provides that, where such an examination is desired, the affidavit shall specify the facts and circumstances which show that the examination of a person is ma-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

terial and necessary. *Held,* that it was within the discretion of the court in an action by an executrix on a contract of her testator with a corporation to order the depositions of persons who were officers of the corporation when the contract was executed taken in order to prepare a bill of particulars ordered by the court, where the executrix by affidavit shows that she is ignorant of the particulars of the contract, and that it is necessary to take the deposition of the former officers in order to prepare the bill of particulars.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 49.*]

2. PLEADING (§ 313*)—BILL OF PARTICULARS—NATURE AND OFFICE.

A bill of particulars is an extension of a pleading.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 949; Dec. Dig. § 313.*]

3. DISCOVERY (§ 61½*)—STATUTORY PROVISIONS—PLACE OF EXAMINATION.

The deposition of a person to be used in preparing plaintiff's bill of particulars cannot be taken at a place other than his place of residence, unless he has an office in such other place for the regular transaction of a business which he constantly visits.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 61½.*]

Appeal from Special Term, New York County.

Action by Caroline Sayles Chittenden, as executrix of Frederick W. Holls, against the San Domingo Improvement Company of New York. From an order denying a motion to vacate or modify an order for the examination before trial of persons not parties, defendant appeals. Affirmed.

See, also, 126 App. Div. 946, 111 N. Y. Supp. 499.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Frank E. Smith, for appellant.
Frederic W. Hinrichs, for respondent.

INGRAHAM, J. This was an action to recover for legal services rendered by the plaintiff's testator to the defendant. The complaint alleges the incorporation of the defendant under the laws of the state of New Jersey, that the plaintiff's testator was immediately after the organization of the defendant retained as general counsel for the defendant, and that acting in such capacity he performed services for the defendant alleged to be worth the sum of $101,250, of which the defendant has paid the sum of $3,934.55. The answer denies the retainer of the plaintiff's testator or that the defendant promised in writing to pay him for such services, admitting, however, that it paid to the plaintiff's testator the sum named. It then alleged payment for all services performed by plaintiff's testator in his lifetime, and also that the services, if any, performed by the plaintiff's testator, were performed under an agreement that compensation for such services was not to become payable until the claim of the defendant against the Dominican Republic was allowed and the amount thereof paid to the defendant, and such compensation was to be paid out of the fund so received by the defendant from the Republic, and the answer sets up the six-year statute of limitations.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

After the action was at issue, the court upon the application of the defendant required the plaintiff to serve a bill of particulars of the services rendered by the plaintiff's testator. This motion was opposed by the plaintiff on the ground, among others, that, in consequence of the death of the plaintiff's testator, his executrix had no knowledge of the facts of which the particulars were required. The court, however, granted the motion, stating that, if the plaintiff had not the information, she could acquire that through an examination before trial. It also appeared in the affidavit upon which the order was granted that the president of the company was Smith M. Weed, and the vice president was Charles W. Wells, and that these gentlemen had acted as such from the organization of the company down to July 7, 1908, at which time an affidavit was made by Mr. Weed stating that he was president and Mr. Wells was vice president. It further appeared that Smith M. Weed resides at Plattsburgh, N. Y., is frequently in the city of New York, and had an office for the transaction of business at 32 Nassau street in this city, and that Mr. Wells is a resident of New York and also has an office for the transaction of business as an attorney at law at 2 Rector street, in this city. There was also submitted an affidavit of the plaintiff's attorney which stated that he had been informed by counsel for the defendant that Mr. Wells was no longer vice president or director of the defendant, and that Smith M. Weed had also lately resigned in both capacities. Upon those affidavits an order was obtained by which the depositions of Smith M. Weed, lately president of the defendant company, and Charles W. Wells, lately vice president of the defendant company, could be taken pursuant to sections 871, 872, and 873 of the Code of Civil Procedure, and that for that purpose the witnesses appear at the Special Term of the Supreme Court on the 20th of January, 1909. The defendant thereupon moved to vacate this order upon the papers upon which it was granted, which motion was denied, and from the order entered thereon the defendant appeals.

The order is one obviously not for an examination of the defendant, a corporation under subdivision 7, § 872, Code Civ. Proc. It does not require that the defendant, the corporation, should be examined, nor does it specify any officers or directors thereof whose testimony is necessary and material; but the order requires two persons who were officers and directors of the corporation during the whole period covered by the transactions out of which the cause of action arose to appear for examination. Sections 870–873, Code Civ. Proc., contain provisions under which an examination of either a party to an action or a person whose testimony is material and necessary to a party can be had before the trial and the facts necessary to be shown to entitle a party to an action to such an examination. Section 870 of the Code provides for the taking of a deposition of a party to an action. Section 871 provides that the deposition of a person not a party to an action whose testimony is material and necessary to a party to an action pending in a court of record may be taken as prescribed in the article in question. Section 872 provides that a party desiring to take a deposition as prescribed in the article may present to a judge

of the court an affidavit setting forth the facts that are essential to justify the court in granting an order for the taking of such a deposition. Subdivision 5 provides that:

"If an action is pending, that the person to be examined is about to depart from the state, or that he is so sick or infirm, as to afford reasonable ground to believe that he will not be able to attend the trial, or that any other special circumstances exist which render it proper that he should be examined as prescribed in this article."

Subdivision 7 provides that the affidavit shall also set forth "any other fact necessary to show that the case comes within one of the two last sections. And if the party sought to be examined is a corporation, the affidavit shall state the name of the officers or directors thereof, or any of them whose testimony is necessary and material"—and subdivision 4 of the section provides that the affidavit must also set forth "the name and residence of the person to be examined, and that the testimony of such person is material and necessary for the party making such application, or the prosecution or defense of such action." Rule 82 of the general rules of practice provides that, where an examination is required under those sections, the affidavit shall specify the facts and circumstances which show, in conformity with subdivision 4 of section 872, that the examination of the person is material and necessary.

The only distinction in these sections between the power given to examine a party to an action and a person not a party to the action is that contained in subdivision 5 of section 872, that, where the witness whose deposition is to be taken is not a party to the action, it must appear by the affidavit that the person to be examined is about to depart from the state, or that he is so sick or infirm as to afford reasonable ground to believe that he will not be able to attend the trial, or that other special circumstances exist which render it proper that he should be examined as prescribed in the article. The special circumstances which would render the taking of such a deposition proper are not stated, and it is therefore left to the sound judicial discretion of the court in ordering such an examination to determine as to whether such special circumstances exist, and, if special circumstances do exist which make it essential to a party to an action that the deposition of a person not a party to the action should be taken to prevent a failure of justice, I can see no ground for refusing to allow such deposition to be taken. It was certainly not the intention of the Legislature, and is not the province of a court of justice, to allow a situation to be created which requires that a party should acquire information as to the particular subject directly connected with the litigation, and yet refuse to allow a party to the action to obtain such information by a method which the court is directly authorized by the Legislature to employ for that purpose. In the construction of the Code of Civil Procedure there was early presented the question as to whether an examination under those provisions could be had to enable a party to obtain information to prepare a pleading. There were conflicting decisions in the Supreme Court, but the question was finally determined in the affirmative by the Court of Appeals in Glenney v. Stedwell, 64 N. Y. 120, so I think there can be no doubt about the

power of the court to cause the deposition of a person to be taken to enable a party to an action to obtain information which is necessary for the preparation of a pleading as well as where the testimony is essential to be used upon the trial of the action. What must appear are facts and circumstances which show that the testimony of the person sought to be examined "is material and necessary for the party making such application, or the prosecution or defense of such action," and where the party whose deposition is sought to be taken is not a party to the action that "special circumstances exist, which render it proper that he should be examined" before the trial. In this case the court has ordered the plaintiff to prepare a bill of particulars as to circumstances which are not within her knowledge, but which are within the knowledge of the persons who from the organization of the defendant corporation until long after the action was commenced and down to July, 1908, were the president and vice president of the defendant corporation. It is impossible for the plaintiff to furnish such a bill of particulars because she is prosecuting a claim in favor of her testator against the corporation of which she had and could have no personal knowledge. There would be no question as to the plaintiff's right to examine the corporation by requiring its officers who had knowledge of the transaction to be examined; and, if this objection of the defendant is sustained, it is the end of the plaintiff's case, as she cannot give the particulars without the information to be obtained from the examination of the persons who were the officers of the corporation at the time the transactions upon which the claim is based arose. It would only be necessary for the officers of the corporation who had knowledge of the transactions to resign after the commencement of an action to present an insuperable bar to the plaintiff's prosecuting her action, a condition certainly not contemplated by the Legislature. A bill of particulars is an extension of a pleading, and, to obtain information necessary to furnish a bill of particulars ordered by the court, is as essential to the prosecution of the action as to obtain information to prepare the pleading of which the bill of particulars becomes an essential part. Therefore, where it distinctly appears that it is essential that the deposition of a witness not a party to the action is material and necessary to enable a party to furnish a bill of particulars which the court has ordered her to furnish, there are certainly special circumstances which render it proper that the party should have the right to take the deposition of a person either a party or who is not a party, so that he can comply with the order of the court and furnish particulars which the court has ordered as essential to the protection of the adverse party. If such power does not exist or cannot be exercised, a case may well arise where the court by ordering a bill of particulars would interpose a bar to the enforcement of a perfectly valid claim, and where no possible harm could come to the other side, except which arises from the enforcement of a valid claim against it. These sections of the Code of Civil Procedure formulated a new system by which the courts are authorized in certain cases to take the depositions of persons whether parties or not before the trial, and have prescribed the conditions un-

der which such depositions may be taken. Considering the language used, it is quite apparent that the court was not to be held down to rigid rules, but power was given to require such a deposition to be taken when, as is expressly said, it appeared that "the testimony of such person is material and necessary for the party making such application, or the prosecution or defense of such action."

There have been many decisions under these provisions of the Code of Civil Procedure and their predecessors in the Code of Procedure which is not at all necessary that we should discuss, as it is impossible to reconcile them or to obtain any rule which should be applied in all cases. In People v. Armour, 18 App. Div. 584, 46 N. Y. Supp. 317, the Appellate Division in the Fourth Department sustained an order for the examination of a person not a party to the action to enable a party to make his pleading more definite and certain in compliance with an order to that effect. And lately in Automobile Club of America v. Canavan, 128 App. Div. 436, 112 N. Y. Supp. 785, we gave effect to the provision which authorized the court to require the examination where the circumstances disclosed a necessity for the taking of the deposition. I think, therefore, the court had power to require that the depositions of Weed and Wells should be taken as persons not parties to the action, that the special circumstances here disclosed are such as justified the granting of the order, and that the court below was correct in denying the motion to vacate it.

A point is made about requiring Smith M. Weed to appear for examination in the county of New York. The statement is made in the affidavits upon which the order was granted that Mr. Weed while residing at Plattsburgh has an office for the transaction of business in the city of New York, and that counsel for the defendant informed the counsel for the plaintiff that he was expected in New York shortly after this order was granted. If Mr. Weed has not an office in New York for the regular transaction of business which he constantly visits, it would, of course, be improper to compel him to come to New York for the purpose of this examination, and, in the order affirming the order appealed from and fixing a time for the examination, the question as to where Mr. Weed's examination shall take place can be determined.

The order appealed from is therefore affirmed, with $10 costs and disbursements, the time and place of the examination of the witnesses to be determined upon the settlement of the order which shall be upon notice. All concur.