ROGERS v. ADLER.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. DISCOVERY (§ 36*)—EXAMINATION BEFORE TRIAL—ORDER—GOOD FAITH.

To obtain an order for the examination of the plaintiff before trial, facts must be presented from which the court can see that the application is in good faith, and that the evidence to be elicited will be admissible at the trial.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. § 36.*]

2. DISCOVERY (§ 36*)—EXAMINATION BEFORE TRIAL—ORDER—GOOD FAITH.

Where an application for an order for the examination of plaintiff before trial is made for the purpose of showing that plaintiff cannot prove a cause of action, the application is not made in good faith.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. § 36.*]

3. DISCOVERY (§ 38*)—EXAMINATION BEFORE TRIAL—NECESSITY OF TESTIMONY.

Where, upon motion for an order for the examination of plaintiff before trial, there was nothing to indicate that the testimony of the plaintiff was material and necessary for defendant, the motion should be denied.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

Appeal from Special Term, New York County.

Action by Gustavus A. Rogers against Jacob P. Adler. From an order denying a motion to vacate an order for the examination of plaintiff before trial, plaintiff appeals. Reversed, and motion granted.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

M. Spencer Bevins, for appellant.

J. A. Seidman, for respondent.

McLAUGHLIN, J. This action is brought to recover for work, labor, and services of an attorney and broker in procuring a person ready, willing, and able to take an assignment from the defendant of a lease of real estate in the city of New York. The answer is a general denial. After issue had been joined, the defendant moved, upon

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an order to show cause, for the examination of the plaintiff before trial. The motion was granted, and plaintiff appeals.

There seems to be a growing tendency in favor of such examinations, to the end that justice may be promoted by preventing surprises at the trial, and lessening, so far as possible, the expenses incident to it; but, in every case where such examinations are permitted, facts must be presented from which the court can see that the application is made in good faith, and that the proof of the facts concerning which the examination is desired would be admissible at the trial. Ehrich v. Root, 122 App. Div. 719, 107 N. Y. Supp. 846.

Here the papers, upon which the order was granted permitting the examination are to the effect that the action was begun to recover a certain sum for services, and that the testimony of the plaintiff is "material and necessary" for the prosecution of the action by the defendant. Not a single fact is set forth showing how the testimony of the plaintiff will be "material and necessary," and, besides, the defendant will not have to prosecute the action. It is true the defendant states he intends to read the evidence upon the trial; but for what purpose does not appear, unless it be to show that the plaintiff cannot prove a cause of action. If this is the object, then the application is not made in good faith.

There is a further allegation in the moving papers that the testimony of the plaintiff is "material and necessary" for the prosecution of the action by the defendant, in order to prove that the plaintiff for a number of years has been and still is in the employ of the William Fox Amusement Company as its counsel, and that he is also the attorney and counsel for William Fox personally. Just what William Fox, or the William Fox Amusement Company, has to do with the issues involved in the subject-matter of this litigation, nowhere appears. Upon the issues as framed, it is sufficient that there is nothing in the record before us to indicate that the testimony of the plaintiff is material and necessary for the defendant, and for that reason the motion should have been denied.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion to vacate the order for the examination of the plaintiff before trial granted, with $10 costs. All concur.

---

### In re TOTTEN et al.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 135; Dec. Dig. § 19.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes