(139 App. Div. 671.)

### AMERICAN WOOLEN CO. OF NEW YORK v. ALTKRUG.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

DISCOVERY (§ 38*)—EXAMINATION OF PERSONS NOT PARTIES.

Under Code Civ. Proc. § 872, subd. 5, read in connection with section 882, to justify granting defendant an order for examination before trial of employés of plaintiff, there must be special circumstances justifying a well-grounded apprehension at least that the examination of the witnesses cannot be had on the trial as well as before trial; and it is not enough that plaintiff's business is so great that only its employés have knowledge of the particular matters in issue.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 49, 51; Dec. Dig. § 38.*]

Appeal from Special Term, New York County.

Action by the American Woolen Company of New York against Julius Altkrug. From an order made ex parte, directing the examination before trial of two witnesses, employés of plaintiff, plaintiff appeals. Reversed, and motion granted.

See, also, 122 N. Y. Supp. 394.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Edwin D. Hays, for appellant.

Louis J. Altkrug, for respondent.

MILLER, J. The action is brought for goods sold and delivered. The answer sets up 65 counterclaims, and the defendant desires to examine two employés of the plaintiff to obtain testimony to establish said counterclaims and to ascertain the names of witnesses. The order is sought to be justified on the ground that the magnitude of the plaintiff's business is such that only its employés have knowledge of the particular matters in issue.

The right to examine a witness before trial and the right to examine a party depend upon entirely different grounds. Subdivision 5 of section 872 of the Code of Civil Procedure applies to the examination of a witness. This court in this department has held that that subdivision must be read in connection with section 882, which specified what proof must be made to use the deposition upon the trial, and that the special circumstances relied upon must be such as to justify a well-grounded apprehension at least that the examination of the witness cannot be had upon the trial as well as before trial. Automobile Club of America v. Canavan, 128 App. Div. 426, 112 N. Y. Supp. 785. We have gone to the verge of what the statute permits in reference to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

examination of witnesses before trial in two cases. Chittenden v. San Domingo Co., 132 App. Div. 169, 116 N. Y. Supp. 829; Hill v. Bloomingdale, 136 App. Div. 652, 121 N. Y. Supp. 370. In each of those cases there were circumstances justifying an apprehension at least that the testimony sought might not be available to the party applying for it on the trial, and the examination appeared to be necessary to prevent a failure of justice. No such special circumstances are shown to exist in this case, and we cannot extend the rule further without encroaching upon the province of the Legislature.

The order should be reversed, with $10 costs and disbursements, and the motion granted. All concur.