(140 App. Div. 316.)

BERNSTEIN v. SOLOMON et al.

(Supreme Court, Appellate Division, First Department. October 21, 1910.)

1. DISCOVERY (§ 36*)—EXAMINATION BEFORE TRIAL—NECESSITY OF TESTIMONY.
    An order for the examination before trial of plaintiff's assignor, who is not a party to the case, merely for the purpose of showing that plaintiff cannot establish a cause of action, cannot be made.
    [Ed. Note.—For other cases, see Discovery, Dec. Dig. § 36.*]

2. DISCOVERY (§ 48*)—EXAMINATION BEFORE TRIAL—NECESSITY OF TESTIMONY.
    To obtain an order, under Code Civ. Proc. § 872, subd. 5, for the examination before trial of one not a party, it must appear that he is about to depart from the state, or that he is so sick or infirm as to afford reasonable ground to believe that he will not be able to attend the trial, or that any other special circumstances exist rendering it proper that he should be examined; and the mere fact that he is the assignor of plaintiff is not in itself sufficient to justify an order for his examination, though that fact may be considered in determining whether such an order shall be made.
    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 62; Dec. Dig. § 48.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Yetta Bernstein against Meyer Solomon and others. From an order refusing to vacate an order obtained by defendant Meyer Solomon for the examination of a witness before trial, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Norman S. Goetz, for appellant.

I. Gainsburg, for respondent.

McLAUGHLIN, J. Appeal from an order denying a motion to vacate an ex parte order obtained by the respondent for the examination before trial of plaintiff's assignor.

The complaint alleges, in substance, that in January, 1900, one Max Bernstein was the owner of certain described premises in Kings county, and he made an agreement with the individual defendants whereby they were to advance money for the erection of buildings upon the property, and the income therefrom and the profits when the buildings were sold were to be divided among them equally; that in August, 1900, it was further agreed that Bernstein should convey title to the premises to the said defendants, which was done, and that they should endeavor to sell the same, the profits and income to be derived in the meantime to be divided as before stated; that in February, 1901, an accounting was had, as a result of which a new agreement was made, by which the defendants agreed to sell the property as soon as possible and pay Bernstein one-third of the proceeds of the sale over and above $81,000, and also one-third of the rents and profits derived from the property from August, 1900; that in March, 1901, Bernstein assigned all his rights under the agreement to the plaintiff, who notified the defendants of the assignments, and since has frequently demanded that they carry out the agreement, which they have refused to do; that the city of New York has since acquired title to the premises under condemnation proceedings, and an award therefor has been made to the said defendants of $114,604; that they have refused and neglected to carry out the agreement, and have repudiated the same, asserting that neither the plaintiff's assignor nor the plaintiff has any right or interest in the award, or in the rents and profits derived from the premises.

After issue had been joined the respondent applied to the court for an order to examine Bernstein before trial with reference to the accounting alleged in the complaint and the assignment of the cause of action to him. The motion was granted, and an order made directing Bernstein to appear for examination "concerning the matters set forth in the annexed affidavit and generally with reference to the pleadings herein." The plaintiff appeals.

I think the motion to vacate should have been granted. How Bernstein's testimony can be material and necessary to the defendants is not in any way disclosed. There is apparently no purpose for which defendants could use his testimony, unless it be to show that the plaintiff cannot establish a cause of action; and this is not a legitimate

ground for ordering an examination of this character. Rogers v. Adler, 137 App. Div. 197, 121 N. Y. Supp. 941. He is not the plaintiff in this action, and is not a party to it. In order to be permitted to examine before trial a person not a party to the action, it must be made to appear that the person sought to be examined is "about to depart·from the state, or that he is so sick and infirm as to afford reasonable ground to believe that he will not be able to attend the trial, or that any other special circumstances exist which render it proper that he should be examined. * * *" Code Civ. Proc. § 872, subd. 5. Here no attempt was made to show that Bernstein was sick or infirm, or about to leave the state, and the only special circumstances which could possibly justify an order for his examination is the fact that he is the plaintiff's assignor. While this may, perhaps, be properly considered in determining whether such an order shall be made, it is not enough in and of itself to warrant the order. Something more must ·be shown.

Nothing else was shown in the present case, and for that reason the order appealed from must be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs. All concur.