HARBURGER, Sheriff, et al. v. WESTCHESTER FIRE INS. CO. (No. 7030.)

(Supreme Court, Appellate Division, First Department. March 26, 1915.)

DISCOVERY ⬅48—EXAMINATION OF WITNESS BEFORE TRIAL—RIGHT—"SPECIAL CIRCUMSTANCES."

 An allegation that a witness had close relations with defendant did not show "special circumstances," authorizing an order for his examination before trial, pursuant to Code Civ. Proc. § 872, subd. 5, where there was nothing indicating a probability that he would not be available at the trial, or suggesting that there was anything in his relations with defendant which would induce him to swear falsely or withhold any material fact.

 [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 62; Dec. Dig. ⬅48.

 For other definitions, see Words and Phrases, Second Series, Special Circumstances.]

Appeal from Special Term, New York County.

Action by Julius Harburger, sheriff, and others, against the Westchester Fire Insurance Company. From an order denying motion to vacate an order for examination, before trial, of a witness not a party to the action, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Leo Levy, of New York City, for appellant.
Edward B. Boise, of New York City, for respondents.

SCOTT, J. This is an action in aid of an attachment against the property of Berger and Fischer, a foreign corporation. It is sought to recover the proceeds of an insurance policy issued to said corpora-

tion by the defendant, under which a loss occurred. The witness sought to be examined is an insurance broker, who had to do with the adjustment of the loss insured under the foregoing policy.

Subdivision 5 of section 872 of the Code of Civil Procedure provides that the affidavit upon which an order for such an examination as is here sought shall show:

"If an action is pending, that the person to be examined is about to depart from the state; or that he is so sick or infirm, as to afford reasonable ground to believe that he will not be able to attend the trial; or that any other special circumstances exist, which render it proper that he should be examined as prescribed in this article."

It appears that the witness to be examined lives in New Rochelle and has an office for the transaction of business in the city of New York, that he is in good health and expects to be available as a witness upon the trial, and no reason is shown to indicate a probability that he will not be so available. The plaintiff is therefore called upon to show that "special circumstances" exist which render it proper that the witness should be examined before trial. He attempts to do this by showing that the witness has close relations with the defendant, and is therefore presumptively hostile to the plaintiff. There is nothing, however, to suggest that there is anything in the witness' relations which would induce him to swear falsely as a witness, or to withhold any relative fact from plaintiff. On the contrary, he appears to have already freely furnished such information as has been sought from him.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.