(91 Misc. Rep. 486)

RUDINI v. NORTH BRITISH & MERCANTILE INS. CO. OF LONDON & EDINBURGH.

(City Court of New York, Special Term. August, 1915.)

DEPOSITIONS ☞12—GROUND FOR TAKING—STATUTE.

    Code Civ. Proc. § 872, subd. 5, provides that if an action is pending, and the person to be examined is about to depart from the state, or is so sick or infirm as to afford reasonable ground to believe that he will not be able to attend the trial, or if any other special circumstances exist rendering it proper that the witness should be examined before trial, such course may be adopted, but that the subdivision does not apply to a case where the person to be examined is a party to the action. Section 882 provides that a deposition, except that of a party taken at the instance of an adverse party, or a deposition taken in pursuance of a stipulation, shall not be read in evidence until it has been satisfactorily proved that the witness is dead or unable personally to attend by reason of sickness, insanity, or other infirmity, that he is confined in a prison, or that he has been absent from the state, so that his attendance with reasonable diligence cannot be compelled by subpœna. Plaintiff sued a foreign insurance company, whose general adjuster and his assistant, although attending their office every day at New York, resided in New Jersey and returned home each night, and sought an order for their examination before trial, to show that special circumstances existed rendering it proper that the witnesses should be examined before trial, merely showing that they had relations with the defendant and were thereby presumptively hostile to the plaintiff, who stated in his affidavit seeking the order that he had full knowledge of the facts which he expected to prove by the testimony of the witnesses. *Held*, that the examination before trial could not be had, since the mere fact that the witnesses resided in another state, commuting to their residences daily, was no ground for such an order, where it was shown that they were otherwise within the jurisdiction of the court, available to be served with process at their place of business, and that there was no reason to suppose that the state of affairs would not continue to exist on the day of the trial.

    [Ed. Note.—For other cases, see Depositions, Cent. Dig. § 27; Dec. Dig. ☞12.]

Action by Alexander D. Rudini against the North British & Mercantile Insurance Company of London & Edinburgh. On motion to vacate an order for examination of witnesses before trial. Motion granted.

Sol L. Youngentob, of New York City, for the motion.
Leo Levy, of New York City, opposed.

FINELITE, J. This is a motion to vacate an order for examination before trial of witnesses not parties to the action. The action is brought to recover upon a policy of fire insurance issued to the plaintiff by the defendant company. The plaintiff desires to examine two witnesses who are nonresident and reside respectively at East Orange, N. J., and are in the employ of the defendant, which is a foreign corporation, incorporated in Great Britain, but doing business in the city of New York.

The plaintiff contends that it is necessary and material that these two witnesses be examined, so that plaintiff can ascertain certain facts in reference to the policy of insurance, and also other facts which it

will be necessary for the plaintiff to prove upon the trial of the action. Section 872, subdivision 5, of the Code of Civil Procedure, which is made applicable to the question herein involved, reads as follows:

"5. If an action is pending, that the person to be examined is about to depart from the state, or that he is so sick or infirm, as to afford reasonable ground to believe that he will not be able to attend the trial, or that any other special circumstances exist, which render it proper that he should be examined as prescribed in this article. But this subdivision does not apply to a case, where the person to be examined is a party to the action."

Section 882 of the Code of Civil Procedure, which must be read in connection with subdivision 5 of section 872, reads as follows:

"But such a deposition, except that of a party, taken at the instance of an adverse party, or a deposition taken in pursuance of a stipulation, as prescribed in this article, shall not be so read in evidence until it has been satisfactorily proved that the witness is dead, or is unable personally to attend by reason of his insanity, sickness or other infirmity, or that he is confined in a prison or jail, or that he has been and is absent from the state, so that his attendance could not, with reasonable diligence, he compelled by supœna."

The affidavit of plaintiff for the examination of the witnesses before trial does not contain an allegation that the witnesses Nichols and Barton are about to depart from this state, or that they are sick or infirm, so as to afford reasonable ground to believe that they will not be able to attend the trial. The witness Nichols by his affidavit states that he resides in New Jersey, where he has resided for over 19 years; that he is the general adjuster for the defendant company and has been connected with the said company in that capacity for several years; his business requires him to be in attendance at the office of the company, No. 76 William street, borough of Manhattan, this city, daily; that he is in good health and has no intentions of absenting himself from the state, except for the purpose of going to his home each evening. The witness Barton by his affidavit alleges that he resides in New Jersey, where he has resided for over 10 years; that he is employed by the defendant company as assistant to the general adjuster, which position he has held for several years; that he attends at the office of the company, No. 76 William street, borough of Manhattan, this city, every day; that he has no intentions of leaving the state, except for the purpose of going to his home each evening; that he is in good health.

The fact that these witnesses reside in the state of New Jersey and commute to their residences at East Orange daily is no ground for an order for their examination before trial, where it is shown that the witnesses are at a stated place within the jurisdiction of this court and are available and can be served with the process of this court at their place of business, and there is no reason to suppose that such state of affairs will not continue to exist on the day of the trial of this action. The authorities are numerous, holding, where a witness not a party to the action is a nonresident, that his examination before trial can be had by order of the court in compliance with subdivision 5 of section 872 of the Code of Civil Procedure. Martin v. Hicks, 1 Abb. N. C. 341; Gee v. Alvarez, 87 App. Div. 157, 84 N. Y. Supp. 32; Vial v. Jackson, 73 App. Div. 355, 76 N. Y. Supp. 668; Harbaugh v. Middle-

sex Securities Co., 110 App. Div. 633, 97 N. Y. Supp. 350; Jacobs
v. Mexican Sugar Refining Co., Lim., 112 App. Div. 655, 98 N. Y.
Supp. 541; Watt v. Feltman, 111 App. Div. 314, 97 N. Y. Supp.
737. These are but a few of the cases in which orders have been up-
held for the examination of witnesses and for the production of docu-
ments and papers which may throw some light upon the subject-matter
involved therein. There are also authorities holding to the contrary,
and it is only allowable where a witness' testimony can be taken where
it is shown that he is about to depart from the state, etc., is based upon
the possibility that the witness will not be available at the time of
the trial; but if he be available at the date, he must be produced by
subpœna, and his deposition cannot be read. Stapleton v. La Shelle,
3, 124 App. Div. 661, 109 N. Y. Supp. 446; Am. Woolen Co. v. Alt-
krug, 139 App. Div. 671, 124 N. Y. Supp. 203—the last case holding
to the effect that the right to examine a witness before trial and the
right to examine a party depend upon entirely different grounds.

Subdivision 5 of section 872 of the Code of Civil Procedure applies
to the examination of witnesses. This court in this department has
held that that subdivision must be read in connection with section 882,
which specified what proof must be made to use the deposition upon
the trial, and that the special circumstances relied upon must be such
as to justify a well-grounded apprehension at least that the examina-
tion of the witnesses cannot be had upon the trial as well as before a
trial. Automobile Club of Am. v. Canavan, 128 App. Div. 426, 112
N. Y. Supp. 785. The court further stated in Am. Woolen Co. v.
Altkrug, 139 App. Div. 671, 124 N. Y. Supp. 203:

"We have gone to the verge of what the statute permits in reference to the
examination of witnesses before trial in two cases. Chittenden v. San Do-
mingo Imp. Co., 132 App. Div. 169 [116 N. Y. Supp. 829]; Hill v. Bloomingdale,
136 App. Div. 652 [121 N. Y. Supp. 370]. In each of those cases there were
circumstances justifying an apprehension at least that the testimony sought
might not be available to the party applying for it on the trial, and the ex-
amination appeared to be necessary to prevent a failure of justice. No such
special circumstances are shown to exist in this case, and we cannot extend
the rule further without encroaching upon the province of the Legislature."

The plaintiff's moving affidavit alleges, in reference to the special
circumstances existing why the order should be granted:

"That plaintiff is in great danger of losing the testimony of Walderman
Nichols and William M. Barton, as they are both employés of the defendant
company and do not reside within the state of New York; * * * that
unless said Walderman Nichols and William M. Barton be examined condi-
tionally at this time, plaintiff will be subject to the hazard of the death or
accidental or intentional absence or disappearance of said Walderman Nichols
and William M. Barton from the state at the time of the trial, or when the
date of the trial becomes certain, and to the end that plaintiff may be guarded
against such hazard and contingency."

The Appellate Division of the First Department, in March, 1915,
in Harburger, Sheriff, et al., v. Westchester Fire Ins. Co., 167 App.
Div. 1, 152 N. Y. Supp. 272, in reversing an order of the Special
Term upholding an order for the examination of witnesses and dis-
missing the application, stated:

"The witness sought to be examined is an insurance broker, who had to do with the adjustment of the loss insured under the foregoing policy. Subdivision 5 of section 872 of the Code of Civil Procedure provides that the affidavit upon which an order for such an examination as is here sought shall show: 'If an action is pending, that the person to be examined is about to depart from the state, or that he is so sick or infirm, as to afford reasonable ground to believe that he will not be able to attend the trial, or that any other special circumstances exist, which render it proper that he should be examined as prescribed in this article.' It appears that the witness to be examined lives in New Rochelle and has an office for the transaction of business in the city of New York; that he is in good health and expects to be available as a witness upon the trial, and no reason is shown to indicate a probability that he will not be so available. The plaintiff is therefore called upon to show that 'special circumstances' exist which render it proper that the witness should be examined before trial. He attempts to do this by showing that the witness has close relations with the defendant, and is therefore presumptively hostile to the plaintiff. There is nothing, however, to suggest that there is anything in the witness' relations which would induce him to swear falsely as a witness, or to withhold any relative fact from plaintiff. On the contrary, he appears to have already freely furnished such information as has been sought from him."

This last authority is conclusive upon the question involved herein.

In Town of Hancock v. First National Bank, 93 N. Y. 86, in speaking of subdivision 5 of section 872 of the Code, the court said:

"These 'other' circumstances evidently mean such as will make the presence and evidence of the witness at the trial doubtful and uncertain, and relate to his personal condition and purposes as bearing upon the probability of his future attendance."

See, to the same effect, Bernstein v. Solomon, 140 App. Div. 316, 318, 125 N. Y. Supp. 225; Vaughan v. Schenker, 139 App. Div. 15, 123 N. Y. Supp. 535; Chartered Bank of India v. North River Ins. Co., 136 App. Div. 646, 121 N. Y. Supp. 399; Wood v. Hoffman Co., 121 App. Div. 636, 106 N. Y. Supp. 308; Vincent v. Kilmer, 107 App. Div. 499, 95 N. Y. Supp. 343.

From an examination of Chittenden v. San Domingo Co., supra, and Hill v. Bloomingdale, supra, it is found that these cases are in no way a precedent in the case at bar. There it was shown that in order to comply with court orders it was necessary for the party obtaining the right to examine to supply lack of information; in the case at bar plaintiff states in his affidavit that he has full knowledge of the facts which he expects to prove by the testimony of the witnesses whose examination is sought. There is no allegation in the moving affidavits upon which the order for examination was granted that the said witnesses sought to be examined are about to leave the state, except the statement that they are nonresidents, nor is any mention made that they are so sick or infirm as to make it seem probable that their attendance at the trial cannot be procured, and no special circumstances are shown to exist which warrant such examination.

The motion to vacate the order for the examination of the witnesses before trial is granted. Submit order.