ROSENBLUM v. WESTIN et al.

(Supreme Court, Appellate Term, First .Department.    October 1, 1915.)

PLEADING ☞329—BILL OF PARTICULARS—FAILURE TO FURNISH.

Where plaintiff sued assignees of his lessee for rent, it was no excuse for his failure to comply with the order of the court for bill of particulars for a true copy of assignments of the lease, by merely stating the purport of the alleged writings, to state that the papers were in the defendant's possession, and that the latter refused to furnish him copies, since in that case plaintiff could force their production.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 995; Dec. Dig. ☞329.]

Appeal from City Court of New York, Special Term.

Action by Max Rosenblum against Norris H. Westin and another. From an order denying their motion to preclude plaintiff from giving evidence of the allegations of, the complaint as to which a bill of particulars was ordered and not furnished, defendants appeal. Order reversed, and motion granted.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Max Schleimer, of New York City, for appellants.

Feltenstein & Rosenstein, of New York City (Moses Feltenstein and Abraham Rosenstein, both of New York City, of counsel), for respondent.

BIJUR, J. This action was brought to recover rent under a lease, it being alleged that the defendants were the assignees of, the lessee. The "particulars" which are concerned in the present motion were a true and correct copy of assignments of the lease.

Plaintiff insists on stating merely the purport of these alleged writings, with the further statement that the papers are in the possession of the defendants, and that the latter have refused to furnish plaintiff copies. If that be so, plaintiff had a simple remedy. Chittenden v. San Domingo Improvement Co., 132 App. Div. 169, 116 N. Y. Supp. 829. Plaintiff having failed to comply with the order of the court, the order of preclusion should have been made.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.