GERMAN LARRERE, Appellant, *v.* MORSE DRY DOCK AND REPAIR COMPANY, Respondent, and EDWARD P. MORSE, JR., Defendant.

(Supreme Court, Appellate Term, First Department, November, 1916.)

Bill of particulars — when plaintiff ordered to furnish a — action to recover damages caused by collision between automobiles — appeal.

Where, in an action to recover damages caused by a collision between automobiles, plaintiff has been ordered to furnish a bill of particulars giving a detailed statement of each and every

negligent act or omission of defendant which plaintiff claims caused or contributed to the accident, and the moving papers, upon which an order for the examination of defendant who drove the other defendant's car was based, set forth that the accident occurred while plaintiff was driving his car at eleven o'clock P. M. which was struck from behind by defendant's car and that plaintiff was entirely ignorant of all the items referred to in defendant's demand for a bill of particulars, the order therefor was properly granted.

The point that the order for the examination of said defendant should not have required him to appear in the county in which the venue of the action was laid could not be raised for the first time on appeal from said order.

APPEAL by plaintiff from an order of the City Court of the city of New York which vacated and set aside an order theretofore made for the examination before trial of the defendant.

Louis H. Moos (Claude L. Gonnet, of counsel), for appellant.

Armstrong, Brown & Purdy (William F. Purdy, of counsel), for Morse Dry Dock and Repair Company, respondent.

LEHMAN, J.  The plaintiff appeals from an order vacating an order for the examination before trial of the defendant Edward P. Morse, Jr., as a witness for the purpose of enabling the plaintiff to frame his bill of particulars. The action is to recover damages caused by a collision between the plaintiff's automobile and an automobile belonging to the defendant Morse Dry Dock and Repair Company and driven by the said Edward P. Morse, Jr. The plaintiff has been ordered to furnish a bill of particulars giving among other matters " a detailed statement of each and every negligent act or omission on the part of said defendant, which plaintiff claims caused or contributed

Supreme Court, Appellate Term, November, 1916. [Vol. 97.

to the accident set forth in the complaint herein.'' The moving papers upon which the order of examination was based set forth that the accident occurred while plaintiff was driving along Forty-ninth street at eleven o'clock P. M. That plaintiff was the only passenger and that the automobile was struck from behind by defendant's motor vehicle which was being driven by the defendant Edward P. Morse, Jr. That because of the manner in which the accident occurred the plaintiff ''is entirely ignorant of all the items referred to in the second paragraph '' of defendant's demand for a bill of particulars which I have set forth above.

While orders of examination of parties or their employees to enable an adverse party to prepare a bill of particulars should be sparingly granted, there is ample authority for such orders where a party has been ordered to furnish a bill of particulars as to matters of which he is ignorant and which are within the peculiar knowledge of the other party or his employees. *Chittenden* v. *San Domingo Improvement Co.*, 132 App. Div. 169; *Hill* v. *Bloomingdale*, 136 id. 651. The question before us is, therefore, not one of power but of sound discretion.

In the present case we must assume that the plaintiff is actually ignorant of how the accident occurred except that he knows that the motor vehicle struck his automobile in the rear while he was proceeding with due care. From this occurrence he is making an inference that the accident occurred by the negligence of the defendant, but without knowledge of what occurred in his rear he cannot know what particular act or omission he can claim caused the accident; yet he is required by the defendant's demand to give a detailed statement of such claim. It does not appear whether any other persons saw the accident but it does appear that the driver of the defendant's vehicle must know

the circumstances which caused the defendant's vehicle to run into the plaintiff's automobile. If the defendant desires the advantage to be gained by compelling the plaintiff to state in detail his claim of each and every negligent act or omission on defendant's part, it is only fair that the defendant should be compelled to disclose how the accident occurred in order to enable the plaintiff to formulate his detailed claim. As the court said in a similar case (*Hill* v. *Bloomingdale, supra*) : " Courts sit to accomplish justice, not to rule upon the points of a game of sharp tactics. \* \* \* If the defendants do not wish to have the witness examined let them waive the giving of a bill of particulars by the plaintiff."

The defendant also urges that the order of examination should not have required the witness to appear in this county. No such point was raised in the court below and I do not think that this provision affects the jurisdiction of the court to make the order.

Order should therefore be reversed, with ten dollars costs and disbursements, and motion to vacate denied, with ten dollars costs, but with leave to the defendant to file a waiver of a bill of particulars as to the second demand within one week, in which case the order of examination should be vacated.

WHITAKER and FINCH, JJ., concur.

Order reversed, with costs and disbursements.