ABRAHAM L. SCHEFF and PHILIP HORINSTEIN, Copartners Trading under the Firm Name and Style of SCHEFF & HORINSTEIN, Appellants, *v.* LOUIS LEWIS and NATHAN GOLD, Copartners Trading under the Firm Name and Style of ARGUS KNITTING MILLS, Respondents.

First Department, March 5, 1920.

Depositions — examination of witness before trial — grounds for granting of order for examination under subdivision 5 of section 872 of Code of Civil Procedure — mere fact that witness is assignor of plaintiffs' cause of action insufficient — purpose of examination.

Defendants on an application for the examination of a witness before trial must show under subdivision 5 of section 872 of the Code of Civil Procedure that the witness is about to depart from the State or is so sick or infirm as to afford reasonable ground to believe that he will not be able to attend the trial or other special circumstances rendering it proper that he should be examined.

The mere fact that the witness is one of the assignors of plaintiffs' cause of action does not authorize his examination under subdivision 5 of section 872 of the Code of Civil Procedure.

This subdivision is to be read in connection with section 882 of the Code of Civil Procedure, and the examination is only authorized for the purpose of perpetuating the testimony and for protecting the moving party in case he is unable to obtain the presence of the witness on the trial.

APPEAL by the plaintiffs, Abraham L. Scheff and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of January, 1920, denying plaintiffs' motion to vacate an order for the examination of a witness before trial.

*Budd S. Weisser* of counsel [*Samuel S. Breslin,* attorney], for the appellants.

*Henry S. Miller* of counsel [*Newmark & Miller,* attorneys], for the respondents.

LAUGHLIN, J.:

This is an action for damages for the breach of a contract for the sale and delivery of goods by the defendants to the Isaac Mendelson Company for the account of the plaintiffs. The plaintiffs allege an assignment to them of all the rights, title and interest of the Isaac Mendelson Company by virtue of the agreement. Defendants put in issue the allegations of the complaint with respect to the making of the contract, breaches thereof, damages and the assignment, and for a separate defense pleaded that any agreement made rested in parol and was void under the Statute of Frauds.* On a demurrer to the complaint for insufficiency it was held at Special Term that the contract, which is made part of the complaint, and a copy is annexed thereto, showed that it was made with the Isaac Mendelson Company and not with the plaintiffs, but that the complaint stated a good cause of action under the assignment of the Isaac Mendelson Company. It is immaterial on this appeal whether the plaintiffs have a cause of action in their own right for a breach of the contract or as assignee, for in neither event is the order for the examination an order for the examination of a *party.* The order is for the examination of Isaac Mendelson only, who was a member of the copartnership known as the Isaac Mendelson Company. The purpose of the examination as disclosed by the affidavit upon which the order was made is to show that the Isaac Mendelson Com-

---

* See Pers. Prop. Law, § 31, subd. 6; Laws of 1911, chap. 571, § 2; Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571.—[REP.

pany made no agreement with the defendants for the purchase of the goods and had no claim against the defendants by reason of any alleged breach of contract and that the testimony was necessary and material for the defense of the action for the reason that the defendants did not know whether to prepare to controvert damages suffered by the Isaac Mendelson Company or by the plaintiffs. The order for the examination requires the witness to submit to an examination concerning the agreement alleged in the amended complaint between the defendants and the Isaac Mendelson Company, damages sustained by the Isaac Mendelson Company by reason of the alleged breach of the agreement, and the assignment of any cause of action under the agreement to the plaintiffs.

Even if the order had been for the examination of one or both of the *plaintiffs* it should have been vacated for it authorizes an examination only with respect to facts that it will be incumbent on the plaintiffs to prove as part of their affirmative case; but since it is an order for the examination of a *witness*, it was incumbent on the defendants to show under subdivision 5 of section 872 of the Code of Civil Procedure that the witness was about to depart from the State or was so sick or infirm as to afford reasonable ground to believe that he would not be able to attend the trial or other special circumstances rendering it proper that he should be examined. The only fact shown, which it is claimed constitutes a compliance with these requirements, is that the witness is one of the plaintiffs' assignors; but this court has held that the mere fact that the witness is an assignor of the cause of action does not authorize his examination under said subdivision 5 of section 872 (*Bernstein* v. *Solomon*, 140 App. Div. 316), nor would the fact that a witness is an employee of the adverse party authorize such an examination. (*American Woolen Co.* v. *Altkrug*, 139 App. Div. 671.) This subdivision is to be read in connection with section 882 of the Code of Civil Procedure and the examination is only authorized for the purpose of perpetuating the testimony and to protect the moving party in case he is unable to obtain the presence of the witness on the trial. (*American Woolen Co.* v. *Altkrug, supra; Harburger* v. *Westchester Fire Ins. Co.*, 167 App. Div. 1.)

It follows that the order should be reversed, with ten dollars

costs and disbursements, and the motion to vacate the order for the examination granted, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and PHILBIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

