Hugh S. Coyle, J.
This is a motion whereby plaintiff seeks an order directing the corporate defendants, Town House Operators, Inc., and Modern Hotel Builders, Inc., and the partnership defendant, Westchester Town House Associates to be examined as adverse parties before trial, pursuant to section 288 et seq. of the Civil Practice Act and the Buies of Civil Practice relating thereto, and for that purpose that they appear by Hyman Estrin, an officer of both of the corporate defendants and a general partner of the said partnership, and for an order to take the deposition of said Hyman Estrin, as a witness before trial. In addition plaintiff moves for an order directing that upon such examination, the corporate defendant and the witness produce certain books and records for the purposes authorized by section 296 of the Civil Practice Act.
*99 The action is by plaintiff to foreclose a mechanic’s lien. Previously, plaintiff served a notice of examination before trial on all three above-named defendants, wherein it sought to take the testimony of Hyman Estrin as an adverse witness. The defendants moved to vacate the notice on the ground that plaintiff failed to show the special circumstances requisite under section 288 of the Civil Practice Act. Mr. Justice Fanelli granted defendants’ motion striking the notice of examination before trial. (N. Y. L. J., May 22, 1961, p. 18, col. 4.)
Insofar as the notice seeks to examine Hyman Estrin as a general partner of the defendant Associates, the motion is denied, since it affirmatively appears that he is not a general partner.
The motion to examine the corporate defendants by a named individual is also denied. In the first instance, it is the corporation which is entitled to determine the person to be examined on its behalf. (Schiffmacher v. Niagara Frontier Tr. System, 3 A D 2d 891.) In the event that a further examination of some other person or persons is deemed necessary by plaintiff, then it may apply for leave to examine some named individual (United States Overseas Airlines v. Cox, 283 App. Div. 31).
In addition an examination of the moving papers does not disclose that “ special circumstances ” are shown as required pursuant to section 288 of the Civil Practice Act, for the granting of the motion to take the testimony of Hyman Estrin as a witness. The “ special circumstances ” relied upon must be such as to justify a well-grounded apprehension that the examination of the witness cannot be had upon the trial as well as before trial (American Woolen Co. of N. Y. v. Altkrug, 139 App. Div. 671). Plaintiff’s motion is, accordingly, in all respects denied.